# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**UNITED STATES OF AMERICA**

**VS.**

**WESLEY SORROW,**

      **Defendant**

NO. 5: 08-CR-15 (CAR)

VIOLATIONS: **Bank Robbery & Drug Related**

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Christopher Brian Jarrard of the Federal Defenders Office; the United States was represented by Assistant U. S. Attorney Verda M. Colvin. Based upon the evidence proffered to the court by counsel for the parties and the contents of the Pretrial Services Report dated June 9, 2008, as well as argument and comments of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ **(1)** There is PROBABLE CAUSE to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

    ☐ under 18 U.S.C. §924(c).

☐ **(2)** The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☐ **(1)** There is a serious risk that the defendant will not appear.

☒ **(2)** There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, including Government's Exhibits 1 through 4 (inclusive) admitted without objection, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated June 9, 2008, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the safety of the community were he to be released from custody at this time. Defendant SORROW has strong family ties to the Macon, Georgia/Crawford County, Georgia area. He has been unemployed since 2000. The offenses charged against him are serious ones for which long-term imprisonment may be imposed in the event of a conviction after trial or a plea of guilty. The weight of evidence against him is strong. The defendant's estimated guideline sentencing range is 210 months to 262 months in prison based upon his initial classification as a career offender.

Defendant SORROW has a long history of criminal arrests and convictions going back to 1989. He has several misdemeanor and felony convictions including the following: VIOLATION OF THE GEORGIA CONTROLLED SUBSTANCES ACT, 1992, Superior Court of Bibb County, Georgia; ROBBERY, 1992, Superior Court of Bibb County, Georgia; ROBBERY BY INTIMIDATION, 2000, Superior Court of Bibb County, Georgia; and, another ROBBERY BY INTIMIDATION, also in 2000, Superior Court of Bibb County, Georgia. He is currently charged in the matter before the court herein with both BANK ROBBERY and POSSESSION WITH INTENT TO MANUFACTURE METHAMPHETAMINE, alleged to have been committed while he was on probation.

In addition, according to the Pretrial Services Report, defendant SORROW has a history of failing to appear for court and failing to report to probation. He has exhibited a propensity to engage in criminal conduct going back some 19 years. Such continued violations of the law evidence a danger to the community. Furthermore, defendant SORROW has a serious drug addiction, admitting to daily use of methamphetamine, cocaine, and/or marijuana.

For the foregoing reasons, pretrial detention is mandated. IT IS SO ORDERED AND DIRECTED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant SORROW shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility SORROW deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 11th day of JUNE, 2008.



                                              **CLAUDE W. HICKS, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**